## MOOR *vs.* The Inhabitants of CORNVILLE.

J. M. was duly chosen and sworn as a Surveyor of highways in the town of C. and his limits assigned him, in writing, by the Selectmen:— afterwards, but before any tax-bill had been committed to him, a bridge, within his limits, was carried away and destroyed by a sudden freshet :— he thereupon, without *giving notice* to the Selectmen, or applying for their *consent*, proceeded to repair the bridge; and afterwards brought his action against the town to recover for the materials and labor thus furnished and expended. — *Held,* that the action could not be maintained.

THIS was an action of *assumpsit* upon an account annexed to the writ, for materials found, and labor furnished, in the building a bridge across "cold stream" in the town of *Cornville*, amounting to $26,05.

It was proved or admitted at the trial, that the plaintiff was duly chosen and sworn as a surveyor of highways in said town, on the first Monday of *March*, 1832 ; and that the Selectmen on the 19th of the same month, by writing, assigned to the plaintiff his limits, including the bridge in question. On the 22d day of *May*, following, the said bridge was carried away and destroyed by a sudden freshet. At this time the tax-bills had not been committed to the plaintiff; but without consulting with the Selectmen, or applying to them, or giving them notice of what had occurred, he proceeded to repair the bridge by the labor of himself, and others by him employed. For that labor and the materials used upon that bridge, this action was brought.

The plaintiff contended, that as surveyor he had a right by law

to repair the bridge without orders from the Selectmen, or notice to them, and to recover for the same in this action. But *Perham J.* who tried the cause in the Court below, ruled that the action could not be maintained, and ordered a nonsuit — to which the plaintiff excepted, and thereupon brought the case up to this Court.

*Kidder,* for the plaintiff, insisted upon the plaintiff's right to recover in this action. He was bound by the oath of his office to make the repairs. There is a manifest distinction between this case and *Haskell* v. *Knox,* 3 *Greenl.* 445. In that, it appeared that the surveyor had no unexpended balance in his hands — hence it may be inferred, that the bills had been committed to him. In this case, the plaintiff had no bills in his hands. The limits had been assigned to him before the freshet, and he was bound to put it in repair. Where the surveyor has bills in his hands, he should, no doubt, call on the Selectmen, when having the names of the persons taxed, an apportionment of the labor can be made among them. But no such reason exists where no tax has been made and the bills committed to the surveyor. Indeed, in this case, it was impracticable — the bridge being gone, the waters high and rapid, and the Selectmen living upon the opposite side of the stream.

The 15th *sec.* upon which the defendant relies for his defence, was intended to apply to ordinary cases — and not to cases of *sudden injury.*

*Hutchinson,* for the defendant, relied upon the case of *Haskell* v. *Knox,* 3 *Greenl.* 445.

PARRIS J. — By statute *chap.* 118, *sect.* 13, it is made the duty of surveyors of highways, in case of any sudden injury to bridges and causways, to cause the same to be repaired without delay. But this court has decided in *Haskell* v. *Knox,* 3 *Greenl.* 445, that the only ordinary means provided to enable the surveyor to perform this and other duties appertaining to his office, are the sums assigned to him to be expended, by virtue of the same section. The 15th section makes provision for the case where the sum assessed shall be insufficient for the repair of the highways within the limits of any particular surveyor. Under such cir-

cumstances, the surveyor may, with the consent of the Select-
men, or the major part of them, employ the inhabitants of the
town, who will be entitled to a just compensation for their ser-
vices out of the town treasury.

It is contended, that the 15th section relates exclusively to or-
dinary repairs, and was not intended to embrace the case of a
sudden injury. That point was settled in *Haskell* v. *Knox*. In
that case, the expenditure was to rebuild a bridge, which had
been suddenly destroyed by fire. The surveyor, having no un-
expended money in his hands, employed one of the inhabitants
to repair the injury, but without obtaining the consent of a ma-
jority of the Selectmen ; and for this reason, it was decided that
the town was not liable.

The law has made provision for keeping all the public high-
ways in safe and convenient repair, for the use of the citizens. It
holds the several towns answerable for opening and repairing the
highways within their respective limits. If the towns appropri-
ate and assess sufficient money for this purpose, and place it at
the disposal of surveyors duly appointed, the responsibility rests
upon that officer, and the town has its remedy over against him,
in case of the imposition of a fine for any deficiency in the high-
ways within his limits. If the surveyor shall have expended all
the money in his bills, or not having received his bills and been
furnished with the means of repairing, shall neglect to give notice
to the Selectmen, of any existing deficiency in the highways, with-
in his limits, whereby the town shall be subjected to a fine, such
surveyor is equally liable. But if he has duly and faithfully
expended all the money in his bills, he has gone to the extent
of his authority, and can make no further repairs at the expense
of the town, unless with the consent of the Selectmen. If fur-
ther repairs are necessary, or if sudden injuries occur, he should,
at his peril, give notice to the Selectmen. If he neglect to do
this, he may be answerable for the consequences to the town. If
he do it, and the Selectmen will not consent to his employing the
inhabitants to make the repairs, he is exonerated from further lia-
bility. This seems to us to be the spirit of the 13th, 15th, and
18th *sections* of statute *chap.* 118 ; and this is in accordance
with the decision in *Haskell* v. *Knox*. The case of *Wood* v.

*Waterville*, 5 *Mass*. 204, is cited for the plaintiff. That decision was predicated upon the 8th *sect*. of the statute of *Massachusetts* of 1786, *chap*. 81. This statute is not in force in *Maine ;* and there has been no re-enactment here containing similar provisions.

It is said in argument, that the surveyor could not reach the Selectmen, to procure their consent, by reason of the great rise of water. That does not appear in the case, which comes before us on exceptions from the Court of Common Pleas ; and, consequently, no fact can be considered in our decision, except what was allowed and certified in the exceptions.

But if such were the fact, and it were properly spread upon the record, it would not relieve the plaintiff from the difficulties attending his case. While the flood continued, and the waters were at such a height that no intercourse could be had between the different parts of the town, no liability rested on either the town or surveyor for not repairing. Whenever the waters had so far subsided that the repairs could be made, the surveyor could reach the Selectmen, and make known to them the exigency which called for the expenditure.

We are satisfied that the decision of the Court below was correct upon the facts presented.

How far the plaintiff might be entitled to recover on a *quantum meruit*, under the authority of *Hayden* v. *Madison,* 7 *Greenl.* 76, would depend upon proof, which is not spread before us.